```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                            EASTERN DIVISION
```

In re:

The Qualstan Corporation,           Case No. 02-60473

        Debtor.

---

National City Bank,

        Appellant-Defendant,

    v.                                  Case No. 2:05-cv-593

Jack Conie & Sons Corp., dba
Conie Construction, et al.,

        Appellees-Plaintiffs.

<u>OPINION AND ORDER</u>

    This action is an appeal filed by appellant National City Bank from orders entered by the United States Bankruptcy Court for the Southern District of Ohio in the above bankruptcy proceeding.  This matter is before the court for a ruling on the joint motion to dismiss filed by appellees Jack Conie & Sons Corp., dba Conie Construction, and Heiberger Paving, Inc.  Appellees argue that the appeal should be dismissed due to appellant's failure to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented within ten days after the filing of the notice of appeal, as required under Bankruptcy Rule 8006, and appellant's failure to file a brief within fifteen days after the entry of the appeal on this court's docket, as required under Bankruptcy Rule 8009(a).

    An appellant's failure to take any step other than the timely filing a notice of appeal does not affect the validity of the appeal, but constitutes grounds for such action as the court deems

appropriate, including dismissal of the appeal. Bankruptcy Rule 8001(a). The decision whether to dismiss an appeal due to failure to comply with the rules rests within the discretion of the court. Ford Motor Credit Card Co. v. Salter (In re Salter), 7 F.3d 234 (table), 1993 WL 366363 (6th Cir. Sept. 20, 1993)(citing Fitzsimmons v. Nolden (In re Fitzsimmons), 920 F.2d 1468, 1471 (9th Cir. 1990)). The late filing of a required document does not justify the dismissal of the appeal absent a showing of bad faith, negligence, or indifference. Mitan v. Buscemi's Int'l, Inc. (In re: Buscemi's Int'l, Inc.), 64 Fed.Appx. 910, 2003 WL 21085271 (6th Cir. May 12, 2003). As the Sixth Circuit stated in Drybrough v. Ware, 111 F.2d 548, 550 (6th Cir. 1940):

> This power [to dismiss], however, should not be exercised generally unless the omission arose from negligence or indifference of appellant and, where good faith is shown, ... the court, in order to avoid injustice, may, on a proper suggestion or on its motion, direct that the omission be corrected by a supplemental transcript or remand the cause for a finding on controverted fact questions.

See also Third National Bank v. Winner Corporation (In re Winner Corp.), 632 F.2d 658 (6th Cir. 1980)(reversing dismissal of appeal where there was no evidence of bad faith on the part of appellant).

The district court should impose a penalty short of dismissal unless the party has engaged in bad faith or contumacious conduct. Sharwell v. Baumgart, 129 F.3d 1265 (table), 1997 WL 681509 (6th Cir. Oct. 30, 1997)(citing Harris v. Callwood, 844 F.2d 1254, 1256 (6th Cir. 1988)); In re Smith, 119 B.R. 558, 560 (S.D.Ohio 1989)(existence or absence of bad faith on part of appellant is a key consideration). "[A]s a general rule, the district court must consider alternative sanctions to dismissal, unless the

2

circumstances are egregious." Salter, 1993 WL 366363 at *1 (citing Fitzsimmons, 920 F.2d at 1471).

Factors to consider in determining whether to dismiss an appeal include whether the appellant acted negligently or in bad faith, the prejudice, if any which other parties to the appeal incurred as a result of appellant's failure to comply with the time limitations, and the appropriateness of dismissal as a sanction measured against the objectives of the procedural rules. See In re Bulic, 997 F.2d 299, 302 (7th Cir. 1993); In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992); Fitzsimmons, 920 F.2d at 1471-72.

The relevant filing requirements in this case are found in Bankruptcy Rules 8006 and 8009(a)(1). Rule 8006 provides in relevant part:

> Within 10 days after filing the notice of appeal as provided by Rule 8001(a), entry of an order granting leave to appeal, or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 8002(b), whichever is later, the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

Bankruptcy Rule 8006.

Bankruptcy Rule 8007(b) provides:

> When the record is complete for purposes of appeal, the clerk shall transmit a copy thereof forthwith to the clerk of the district court.... On receipt of the transmission the clerk of the district court ... shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

Bankruptcy Rule 8007(b). Appellant is required to "serve and file a brief within 15 days after the entry of the appeal on the docket

pursuant to Rule 8007." Bankruptcy Rule 8009(a)(1).

The record in this case reveals that on November 19, 2004, appellant filed a notice of appeal from a judgment entered by the bankruptcy court on November 12, 2004. On November 22, 2004, appellant filed a motion to amend the judgment. Under Bankruptcy Rule 8002(b), this tolled the appeal pending a ruling on the motion to amend. On May 17, 2005, the bankruptcy court entered an order denying the motion to amend. On May 26, 2005, appellant filed another notice of appeal. Counsel for appellant states that at this point, she made attempts to obtain the necessary transcripts to be included in the record. She arranged for the preparation of a paper copy of the transcripts, but then learned that a CD was also required for electronic filing, thereby causing a delay in the compilation of the record.

On June 20, 2006, the notice of appeal and a certificate of incomplete record were transmitted to this court for filing by the clerk of the bankruptcy court. However, the fact that the notice of appeal and incomplete record were transmitted to this court on that date was not entered on the docket of the bankruptcy court. There is no evidence that the parties received notice of the transmittal from the bankruptcy court clerk. In addition, the electronic records of this court reveal that when the notice of appeal was docketed in this court, appellant was not entered as a party on the docket due to a clerical error, and therefore notice of the docketing of the appeal was only sent to counsel for appellees Conie Construction and Heiberger Paving. Counsel for appellant states that, at some point, she made an attempt to learn if the appeal had been docketed in this court by using the PACER

4

system, but that she was unable to find any reference to the case.

On August 10, 2005, appellees filed their joint motion to dismiss the appeal for lack of prosecution.  On August 19, 2005, the bankruptcy court clerk entered the transmittal of the incomplete record on the docket of the bankruptcy court.  On August 20, 2005, appellant filed a response to the motion to dismiss and moved for leave to file the designation of record and statement of issues <u>instanter</u>.  On August 24, 2005, appellant filed a motion for an extension of time until August 31, 2005, to file its brief.  On August 30 and 31, 2005, appellees filed their designation of items to be included in the record on appeal.  On August 31, 2005, appellant filed a motion to amend or correct the statement of issues on appeal and to file its brief <u>instanter</u>.  The complete record on appeal transmitted by the bankruptcy court clerk was filed with this court on September 12, 2005.

The first issue concerns the fact that there was a delay of almost three months from the entry of the order denying appellant's motion to alter judgment and the filing of the designation of items for the record and the statement of issues for appeal.  Counsel for appellant claims that she did not receive the notice entitled "Reminder of Appeal Related Deadlines" customarily sent to parties by the clerk of the bankruptcy court.  This is not a valid excuse, as counsel is expected to be familiar with the Rules of Bankruptcy Procedure.  Counsel's failure to timely file the designation of items and statement of issues constitutes negligence.  However, there is no evidence that counsel acted in bad faith or with knowing indifference.  When counsel was made aware of the omission through the motion to dismiss filed on August 10, 2005, counsel

5

promptly sought leave of this court to file the designation and statement of issues, and filed those documents on August 20, 2005.

The issue of the failure to timely file a brief is more complicated. Court records indicate that counsel for appellant was not notified when the appeal was docketed in this court. Further, Bankruptcy Rule 8007(b) requires the bankruptcy clerk to transmit the appeal to this court "[w]hen the record is complete for purposes of appeal[.]" The instant appeal was opened when the bankruptcy clerk transmitted an incomplete record without notifying the parties of this transmittal. According to counsel for appellant, reasonable efforts were made to assemble the record, but delays were encountered due to the need to obtain the transcripts in an electronic format. There is no showing that counsel should have anticipated that the appeal would be transmitted to this court before the record was complete. As indicated above, counsel received no notice of the transmittal of the incomplete record from the bankruptcy court or from this court. A complete record was not transmitted to this court until September, 2005. When counsel for appellant was advised through the motion to dismiss that the appeal had already been transmitted to this court, counsel sought leave on August 24, 2005, to file a brief <u>instanter</u>, and tendered the brief for filing on August 31, one week later. The delay in filing the brief was due at least in some part to circumstances beyond counsel's control. The court cannot find that appellant's delay in filing a brief was due to negligence or bad faith on the part of appellant.

The purpose of the designation of items is to ensure that the district court has an adequate basis for evaluating the claims on

6

appeal, and the statement of issues narrows the focus of the reviewing court's inquiry and notifies the appellee of the issues to be addressed in the appeal.  While there was some delay in the filing of these documents, there is no indication that the delay in filing these documents was deliberate or in bad faith.  Appellees were allowed to designate additional items to be included in the record.  They have now had the statement of issues and appellant's brief for several months, thus giving them fair notice and an adequate opportunity to respond.

   The cases relied on by appellees involved circumstances such as delays of four months or longer in filing a brief, the failure to respond to a motion to dismiss or to offer any explanation for the delay, the failure to seek extensions, and ignoring court orders.  Here, upon learning that the appeal had been filed in this court, appellant promptly sought leave of court to file the designation, statement of issues, and brief and tendered those items for filing <u>instanter</u>.  Even assuming that the time for filing a brief ran from the transmittal of the incomplete record on June 20, 2005, the period of delay in filing the brief in this case was less than two months.  This case lacks the indications of bad faith and egregious indifference found to justify the extreme sanction of dismissal in other cases.

   The motion to dismiss (Doc. # 2) is denied.  The motion for an extension of time (Doc. # 6) is granted.  The motion to amend or correct <u>instanter</u> the statement of issues (Doc. # 8) is granted.  The motion for leave to file a brief <u>instanter</u> (Doc. # 9) is granted.  Appellees shall file their brief(s) within fifteen (15) days of the date of this order.  Appellant shall file any reply

7

brief within ten (10) days of service of appellees' brief(s).

It is so ordered.

Date: March 17, 2006                     s/James L. Graham
                                    James L. Graham
                                    United States District Judge